IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **ALISA S.,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | **Civil No. TMD 19-1109** |
| v. | * | |
| | * | |
| | * | |
| **ANDREW M. SAUL,** | * | |
| **Commissioner of Social Security,** | * | |
| | * | |
| **Defendant.**[1] | * | |

\*\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM OPINION GRANTING PLAINTIFF'S
ALTERNATIVE MOTION FOR REMAND**

Plaintiff Alisa S. seeks judicial review under 42 U.S.C. §§ 405(g) and 1383(c)(3) of a final decision of the Commissioner of Social Security ("Defendant" or the "Commissioner") denying her applications for disability insurance benefits and Supplemental Security Income under Titles II and XVI of the Social Security Act.  Before the Court are Plaintiff's Motion for Summary Judgment and alternative motion for remand (ECF No. 12) and Defendant's Motion for Summary Judgment (ECF No. 13).[2]  Plaintiff contends that the administrative record does not contain substantial evidence to support the Commissioner's decision that she is not disabled.  No

---

[1] On June 17, 2019, Andrew M. Saul became the Commissioner of Social Security.  He is, therefore, substituted as Defendant in this matter.  *See* 42 U.S.C. § 405(g); Fed. R. Civ. P. 25(d).

[2] The Fourth Circuit has noted that, "in social security cases, we often use summary judgment as a procedural means to place the district court in position to fulfill its appellate function, not as a device to avoid nontriable issues under usual Federal Rule of Civil Procedure 56 standards." *Walls v. Barnhart*, 296 F.3d 287, 289 n.2 (4th Cir. 2002).  For example, "the denial of summary judgment accompanied by a remand to the Commissioner results in a judgment under sentence four of 42 U.S.C. § 405(g), which is immediately appealable." *Id.*

hearing is necessary.  L.R. 105.6.  For the reasons that follow, Plaintiff's alternative motion for remand (ECF No. 12) is **GRANTED**.

# I

## Background

On November 15, 2017, Administrative Law Judge ("ALJ") Raghav Kotval held a hearing in Baltimore, Maryland, where Plaintiff and a vocational expert ("VE") testified.  R. at 33-86.  The ALJ thereafter found on February 23, 2018, that Plaintiff was not disabled from her alleged onset date of disability of February 20, 2016, through the date of the ALJ's decision.  R. at 13-32.  In so finding, the ALJ found that Plaintiff had not engaged in substantial, gainful activity since February 20, 2016, and that she had severe impairments.  R. at 18.  She did not, however, have an impairment or combination of impairments that met or medically equaled the severity of one of the impairments listed in 20 C.F.R. pt. 404, subpt. P, app. 1.  R. at 19-21.  In considering the severity of Plaintiff's mental impairments, the ALJ found that Plaintiff had a moderate limitation in concentrating, persisting, or maintaining pace.  R. at 20.

> The ALJ then found that Plaintiff had the residual functional capacity ("RFC")
>
> to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except [Plaintiff] can lift, carry, push, and/or pull up to 10 pounds frequently and 10 pounds occasionally, sit 6 hours in an 8 hour day, and stand and/or walk 2 hours in an 8 hour day with the assistance of a cane.  [Plaintiff] can only frequently bilaterally reach overhead and in all directions, handle, finger, and feel, and can only occasionally push and/or pull with the lower extremities bilaterally and only occasionally use foot controls.  [Plaintiff] can occasionally climb ramps or stairs, balance, stoop, kneel, crouch, crawl, but can never climb ladders, ropes, or scaffolds.  [Plaintiff] is capable of performing simple, routine tasks not at a production pace and will be off task 10% of the workday.

R. at 21.³  In light of this RFC and the VE's testimony, the ALJ found that, although she could not perform her past relevant work, Plaintiff could perform other work in the national economy, such as a document preparer, call out operator, or gauger.  R. at 25-27.  The ALJ thus found that Plaintiff was not disabled from February 20, 2016, through February 23, 2018.  R. at 27.

After the Appeals Council denied Plaintiff's request for review, Plaintiff filed on April 14, 2019, a complaint in this Court seeking review of the Commissioner's decision.  Upon the parties' consent, this case was transferred to a United States Magistrate Judge for final disposition and entry of judgment.  The case then was reassigned to the undersigned.  The parties have briefed the issues, and the matter is now fully submitted.

## II

### Disability Determinations and Burden of Proof

The Social Security Act defines a disability as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905.  A claimant has a disability when the claimant is "not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists . . . in significant numbers either in the region where such individual lives or in several regions of the country."  42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

---

³ "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools."  20 C.F.R. §§ 404.1567(a), 416.967(a).  "Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties.  Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met."  *Id.*

To determine whether a claimant has a disability within the meaning of the Social Security Act, the Commissioner follows a five-step sequential evaluation process outlined in the regulations. 20 C.F.R. §§ 404.1520, 416.920; *see Barnhart v. Thomas*, 540 U.S. 20, 24-25, 124 S. Ct. 376, 379-80 (2003). "If at any step a finding of disability or nondisability can be made, the [Commissioner] will not review the claim further." *Thomas*, 540 U.S. at 24, 124 S. Ct. at 379; *see* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant has the burden of production and proof at steps one through four. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S. Ct. 2287, 2294 n.5 (1987); *Radford v. Colvin*, 734 F.3d 288, 291 (4th Cir. 2013).

First, the Commissioner will consider a claimant's work activity. If the claimant is engaged in substantial gainful activity, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).

Second, if the claimant is not engaged in substantial gainful activity, the Commissioner looks to see whether the claimant has a "severe" impairment, i.e., an impairment or combination of impairments that significantly limits the claimant's physical or mental ability to do basic work activities. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995); *see* 20 C.F.R. §§ 404.1520(c), 404.1522(a), 416.920(c), 416.922(a).[4]

Third, if the claimant has a severe impairment, then the Commissioner will consider the medical severity of the impairment. If the impairment meets or equals one of the presumptively disabling impairments listed in the regulations, then the claimant is considered disabled,

---

[4] The ability to do basic work activities is defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1522(b), 416.922(b). These abilities and aptitudes include (1) physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) capacities for seeing, hearing, and speaking; (3) understanding, carrying out, and remembering simple instructions; (4) use of judgment; (5) responding appropriately to supervision, co-workers, and usual work situations; and (6) dealing with changes in a routine work setting. *Id.* §§ 404.1522(b)(1)-(6), 416.922(b)(1)-(6); *see Yuckert*, 482 U.S. at 141, 107 S. Ct. at 2291.

regardless of age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d), 416.920(a)(4)(iii), 416.920(d); *see Radford*, 734 F.3d at 293.

Fourth, if the claimant's impairment is severe, but it does not meet or equal one of the presumptively disabling impairments, then the Commissioner will assess the claimant's RFC to determine the claimant's "ability to meet the physical, mental, sensory, and other requirements" of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1545(a)(4), 416.920(a)(4)(iv), 416.945(a)(4). RFC is a measurement of the most a claimant can do despite his or her limitations. *Hines v. Barnhart*, 453 F.3d 559, 562 (4th Cir. 2006); *see* 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The claimant is responsible for providing evidence the Commissioner will use to make a finding as to the claimant's RFC, but the Commissioner is responsible for developing the claimant's "complete medical history, including arranging for a consultative examination(s) if necessary, and making every reasonable effort to help [the claimant] get medical reports from [the claimant's] own medical sources." 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). The Commissioner also will consider certain non-medical evidence and other evidence listed in the regulations. *See id.* If a claimant retains the RFC to perform past relevant work, then the claimant is not disabled. *Id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

Fifth, if the claimant's RFC as determined in step four will not allow the claimant to perform past relevant work, then the burden shifts to the Commissioner to prove that there is other work that the claimant can do, given the claimant's RFC as determined at step four, age, education, and work experience. *See Hancock v. Astrue*, 667 F.3d 470, 472-73 (4th Cir. 2012). The Commissioner must prove not only that the claimant's RFC will allow the claimant to make an adjustment to other work, but also that the other work exists in significant numbers in the

national economy. *See Walls*, 296 F.3d at 290; 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant can make an adjustment to other work that exists in significant numbers in the national economy, then the Commissioner will find that the claimant is not disabled. If the claimant cannot make an adjustment to other work, then the Commissioner will find that the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

### III

### Substantial Evidence Standard

The Court reviews an ALJ's decision to determine whether the ALJ applied the correct legal standards and whether the factual findings are supported by substantial evidence. *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). In other words, the issue before the Court "is not whether [Plaintiff] is disabled, but whether the ALJ's finding that [Plaintiff] is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law." *Id.* The Court's review is deferential, as "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Under this standard, substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. *See Hancock*, 667 F.3d at 472; *see also Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971).

In evaluating the evidence in an appeal of a denial of benefits, the court does "not conduct a *de novo* review of the evidence," *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986), or undertake to reweigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner. *Hancock*, 667 F.3d at 472. Rather, "[t]he duty to resolve conflicts in the evidence rests with the ALJ, not with a reviewing court." *Smith v.*

*Chater*, 99 F.3d 635, 638 (4th Cir. 1996).  When conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ.  *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam).

## IV

### Discussion

Among Plaintiff's contentions is her argument that the ALJ "committed reversible error by not performing a function-by-function analysis and not properly and fully discussing and determining [her] ability to consistently remain on task, particularly given the Step 3 severe mental health impairment finding of 'moderate limitations in concentrating, persisting and maintaining pace.'" Pl.'s Mem. Supp. Mot. Summ. J. 15-16, ECF No. 12-1 (emphasis removed). For the reasons discussed below, the Court remands this case for further proceedings.

Social Security Ruling[5] 96-8p, 1996 WL 374184 (July 2, 1996), explains how adjudicators should assess RFC and instructs that the RFC

> "assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions" listed in the regulations.  "Only after that may [residual functional capacity] be expressed in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy."  The Ruling further explains that the residual functional capacity "assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)."

---

[5] Social Security Rulings are "final opinions and orders and statements of policy and interpretations" that the Social Security Administration has adopted.  20 C.F.R. § 402.35(b)(1).  Once published, these rulings are binding on all components of the Social Security Administration.  *Heckler v. Edwards*, 465 U.S. 870, 873 n.3, 104 S. Ct. 1532, 1534 n.3 (1984); 20 C.F.R. § 402.35(b)(1).  "While they do not have the force of law, they are entitled to deference unless they are clearly erroneous or inconsistent with the law."  *Pass*, 65 F.3d at 1204 n.3.

*Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015) (alteration in original) (footnote omitted) (citations omitted).  The Fourth Circuit has held, however, that a per se rule requiring remand when the ALJ does not perform an explicit function-by-function analysis "is inappropriate given that remand would prove futile in cases where the ALJ does not discuss functions that are 'irrelevant or uncontested.'" *Id.* (quoting *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013) (per curiam)).  Rather, remand may be appropriate "where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." *Id.* (quoting *Cichocki*, 729 F.3d at 177).  The court in *Mascio* concluded that remand was appropriate because it was "left to guess about how the ALJ arrived at his conclusions on [the claimant's] ability to perform relevant functions" because the ALJ had "said nothing about [the claimant's] ability to perform them for a full workday," despite conflicting evidence as to the claimant's RFC that the ALJ did not address. *Id.* at 637; *see Monroe v. Colvin*, 826 F.3d 176, 187-88 (4th Cir. 2016) (remanding because ALJ erred in not determining claimant's RFC using function-by-function analysis; ALJ erroneously expressed claimant's RFC first and then concluded that limitations caused by claimant's impairments were consistent with that RFC).

The Fourth Circuit further held in *Mascio* that "an ALJ does not account 'for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work.'" *Mascio*, 780 F.3d at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)).  "[T]he ability to perform simple tasks differs from the ability to stay on task.  Only the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." *Id.*  The court in *Mascio* remanded the case for the ALJ to explain why the claimant's moderate limitation in concentration, persistence, or pace

at step three did not translate into a limitation in the claimant's RFC. *Id.* In other words, under *Mascio*, "once an ALJ has made a step three finding that a claimant suffers from moderate difficulties in concentration, persistence, or pace, the ALJ must either include a corresponding limitation in her RFC assessment, or explain why no such limitation is necessary." *McLaughlin v. Colvin*, 200 F. Supp. 3d 591, 600 (D. Md. 2016) (quoting *Talmo v. Comm'r, Soc. Sec.*, Civil Case No. ELH-14-2214, 2015 WL 2395108, at *3 (D. Md. May 19, 2015), *report and recommendation adopted* (D. Md. June 5, 2015)).

Here, the ALJ's hypothetical to the VE and corresponding RFC assessment found that Plaintiff was "capable of performing simple, routine tasks not at a production pace." R. at 21; *see* R. at 83. This limitation does not account for Plaintiff's moderate limitation in concentrating, persisting, or maintaining pace, however. *See DeCamp v. Berryhill*, 916 F.3d 671, 676 (7th Cir. 2019) (per curiam) ("[T]here is no basis to suggest that eliminating jobs with strict production quotas or a fast pace may serve as a proxy for including a moderate limitation on concentration, persistence, and pace."); *Paul v. Berryhill*, 760 F. App'x 460, 465 (7th Cir. 2019) ("[T]he ALJ's reference to 'flexible pace' is insufficient to account for [the claimant's] difficulties maintaining focus and performing activities within a schedule, because the reference excludes only production-pace employment. Without more, the VE cannot determine whether someone with [the claimant's] limitations could maintain the proposed pace or what the proposed pace even is." (citation omitted)); *Mascio*, 780 F.3d at 638. Because "[t]here is no corresponding restriction for the finding of moderate difficulties in concentration, persistence, or pace, such that it addresses [Plaintiff's] ability to sustain work throughout an eight-hour workday," the Court is "unable to ascertain from the ALJ's decision the reason for the finding of moderate, as opposed to mild or no, limitation in the area of concentration, persistence, or pace."

*Miles v. Comm'r, Soc. Sec. Admin.*, Civil No. SAG-16-1397, 2016 WL 6901985, at *2 (D. Md. Nov. 23, 2016).

> The Court cannot classify the error as harmless because the ALJ's written decision is insufficient to permit adequate review. Because the ALJ's RFC does not account for all of [Plaintiff's] limitations, the Court cannot find that the RFC provides an accurate description of the work that [she] is able to do on a regular and continuing basis. In light of the Fourth Circuit's clear guidance in *Mascio*, this case must be remanded so that the ALJ can explain how [Plaintiff's] limitations in the areas of concentration, persistence, and pace can be incorporated into the RFC assessment, or why no additional limitation is necessary to account for these difficulties.

*Lawson v. Berryhill*, Civil No. TJS-17-0486, 2018 WL 1135641, at *5 (D. Md. Mar. 1, 2018).

Moreover, although the ALJ determined that Plaintiff was limited to performing "not at a production pace" (R. at 21, 83), the ALJ "did not give [the Court] enough information to understand what those terms mean." *Thomas v. Berryhill*, 916 F.3d 307, 312 (4th Cir. 2019). "That makes it difficult, if not impossible, for [the Court] to assess whether their inclusion in [Plaintiff's] RFC is supported by substantial evidence." *Id.* "Without further explanation, [the Court] simply cannot tell whether the RFC finding—particularly the portion restricting [Plaintiff] to jobs that do not require a [production pace]—properly accounts for [Plaintiff's] moderate limitations in concentration, persistence, and pace." *Id.* at 312 n.5; *see Perry v. Berryhill*, 765 F. App'x 869, 872-73 (4th Cir. 2019) (holding that ALJ's failure to explain meaning of "non-production oriented work setting" precluded meaningful review of ALJ's conclusions); *Varga v. Colvin*, 794 F.3d 809, 815 (7th Cir. 2015) ("It is also problematic that the ALJ failed to define 'fast paced production.' Without such a definition, it would have been impossible for the VE to assess whether a person with [the claimant's] limitations could maintain the pace proposed."). Remand under *Mascio* and *Thomas* thus is warranted.

Defendant maintains that the ALJ accounted for Plaintiff's ability to remain on task because the ALJ also found that Plaintiff "will be off task 10% of the workday" (R. at 21). The ALJ, however, failed to explain how, despite Plaintiff's moderate limitation in concentrating, persisting, or maintaining pace, she could be productive or remain on task for more than 90% of an eight-hour workday. *See Lanigan v. Berryhill*, 865 F.3d 558, 563 (7th Cir. 2017) (remanding because, *inter alia*, ALJ did not build accurate and logical bridge between claimant's moderate difficulties in various functional areas and ALJ's finding that claimant would not be off task more than 10% of workday); *McLaughlin*, 200 F. Supp. 3d at 602 (remanding because ALJ's decision failed to explain how, despite claimant's moderate difficulties in maintaining concentration, persistence, or pace, she could remain productive for at least 85% of workday, in light of VE's testimony that individual "off task" more than 15% of workday because of need to take unscheduled breaks could not perform any work). Further, the VE testified that being off task 15% of the eight-hour workday would preclude all competitive employment (R. at 84), but the ALJ "failed to explain why he equated the facts to a [10%] reduction as opposed to the [15%] reduction he contemplated (or, for that matter, any other number)." *Lobbes v. Colvin*, No. 4:13-CV-57-RLY-WGH, 2014 WL 1607617, at *20 (S.D. Ind. Apr. 22, 2014). "The ALJ's failure to connect his factual findings to his chosen number is particularly disconcerting because . . . the figure he discarded would have meant disability according to the VE's testimony" (R. at 84). *Id.* The VE also testified that two unscheduled absences per month would also preclude competitive employment (R. at 84-85), but the ALJ did not address absenteeism in the RFC assessment. *See Crump v. Saul*, 932 F.3d 567, 570 (7th Cir. 2019) ("The ALJ seemed to recognize [the claimant's] CPP challenges when, in formulating the second hypothetical for the VE, he incorporated the express functional limitation of a person able to perform simple and repetitive

11

tasks also being off-task 20% of the time or otherwise requiring two unscheduled absences per month. The VE opined that a person so limited would lack the functional capacity to sustain *any* employment. But the ALJ failed to incorporate this opinion anywhere in the RFC, leaving the RFC altogether uninformed by considerations of off-task time or unplanned leave.").

In short, "a proper RFC analysis has three components: (1) evidence, (2) logical explanation, and (3) conclusion. The second component, the ALJ's logical explanation, is just as important as the other two." *Thomas*, 916 F.3d at 311. The ALJ "must *both* identify evidence that supports his conclusion *and* 'build an accurate and logical bridge from [that] evidence to his conclusion.'" *Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018) (alteration in original) (quoting *Monroe*, 826 F.3d at 189). An ALJ's failure to do so constitutes reversible error. *Lewis v. Berryhill*, 858 F.3d 858, 868 (4th Cir. 2017). Because "meaningful review is frustrated when an ALJ goes straight from listing evidence to stating a conclusion," the Court remands this case for further proceedings. *Thomas*, 916 F.3d at 311 (citing *Woods*, 888 F.3d at 694).

Because the ALJ did not properly evaluate Plaintiff's limitations in concentrating, persisting, or maintaining pace, the Court need not address her remaining arguments. *See DeCamp*, 916 F.3d at 676; *Travis X. C. v. Saul*, No. GJH-18-1210, 2019 WL 4597897, at *5 n.5 (D. Md. Sept. 20, 2019) ("[B]ecause the Court is remanding this case based on an insufficient RFC assessment, which occurs between steps three and four of the disability determination, it need not reach any issues related to step five."). In any event, the ALJ also should address these other deficiencies identified by Plaintiff. *See Tanner v. Comm'r of Soc. Sec.*, 602 F. App'x 95, 98 n.* (4th Cir. 2015) (per curiam) ("The Social Security Administration's Hearings, Appeals, and Litigation Law Manual 'HALLEX' notes that the Appeals Council will vacate the entire prior decision of an administrative law judge upon a court remand, and that the ALJ must

consider de novo all pertinent issues."); *Travis X. C.*, 2019 WL 4597897, at *5 n.5 ("In the interest of a comprehensive review on remand, however, the Court will note that the ALJ does need to explain which evidence he chooses to credit and which evidence he chooses to discredit and why." (citing *Monroe*, 826 F.3d at 189)).

V

**Conclusion**

For the reasons stated above, Defendant's Motion for Summary Judgment (ECF No. 13) is **DENIED**.  Plaintiff's Motion for Summary Judgment (ECF No. 12) is **DENIED**.  Plaintiff's alternative motion for remand (ECF No. 12) is **GRANTED**.  Defendant's final decision is **REVERSED** under the fourth sentence of 42 U.S.C. § 405(g).  This matter is **REMANDED** for further proceedings consistent with this opinion.  A separate order will issue.

Date: May 1, 2020                                   /s/
                                              Thomas M. DiGirolamo
                                              United States Magistrate Judge